### DAVID B. HARRINGTON vs. ADAMS P. BARNES.

A bond by B. that "he, his heirs and assigns, shall convey certain real estate to H., his heirs and assigns, provided H., his heirs and assigns shall pay B. his heirs and assigns, a certain sum," is broken by a tender to B. of that sum by H.'s assignee of the bond, and such tender need not be made to the then owner of the land under a conveyance by B., made subsequent to the bond.

THIS was an action on a bond, dated September 15, 1848, in which the defendant bound himself to the plaintiff in the sum of $600, on the following conditions: " That if the said Adams P. Barnes, his heirs and assigns, shall convey and quit-claim to the said David B. Harrington, his heirs and assigns forever, a tract of land situated near the Millbury Depot of the Boston and Worcester Railroad Corporation," [described by metes and bounds,] "by a quitclaim deed, in common form, to be by him executed and acknowledged within two years from this date, provided the said David B. Harrington, his heirs and assigns, shall first, within two years from the date hereof, pay to said Adams P. Barnes, his heirs, executors, administrators or assigns, the sum of $300, with interest semi-annually, then this obligation to be void." On the back of this bond was this indorsement: " Millbury, September 15, 1848. For value received, I hereby transfer and assign the above instrument to Calvin Barker. D. B. Harrington."

At the trial in the court of common pleas, before *Merrick*, J. the plaintiff introduced evidence tending to show that, within the two years mentioned in the conditions of the bond, the said Calvin Barker, tendered to the defendant all the money which he was required, by the terms of the said condition to pay, in order to entitle himself to a conveyance of the land therein described, and at the same time demanded of the defendant a deed of said land. And it was agreed by the parties that after said bond was executed by the defendant, he conveyed said land to one Goffe, who afterwards conveyed the same to one Cutting; that Cutting, at the time of said tender and demand, was the owner of said land, under said conveyances thereof; and that these facts were known to said Barker, at the time of his said tender and demand.

The defendant objected that the plaintiff was not entitled, on the foregoing facts, to recover in this action, although the land was not conveyed to the plaintiff; because the said tender was made to the defendant, instead of being made to said Cutting, and because the said demand was made on the defendant instead of being made on said Cutting. This objection was sustained by the presiding judge, and thereupon the plaintiff submitted to a verdict for the defendant, and alleged exceptions.

*N. Wood,* for the plaintiff.

*E. Washburn,* for the defendant.

The assignment of the bond, not being under seal, was not sufficient to authorize Barker to make a tender in his own name and demand a deed to himself. ——— v. *Walford,* 4 Russ. 372.

The bond contemplates whatever was to be done to, or by, either party, is to be done to or by their respective substitutes, and the defendant is only liable upon his bond when his assigns shall refuse to give a deed, upon being tendered the purchase-money. The plaintiff's assignee, Barker, not having tendered any money to Cutting, defendant's assignee, nor demanded any deed of him, cannot maintain the present action.

The defendant had no right to receive the money, nor power to make a deed, and this the plaintiff and Barker knew; and this was done by assent of all parties as indicated by the bond itself. In equity, the assigns on both sides would be regarded as the parties to act in performing the condition of the bond. *Ensign* v. *Kellogg,* 4 Pick. 1; Laussat's Fonblanque Eq. 222, n.; 2 Spence Eq. Jur. 863. The plaintiff might have had a decree for specific performance against Cutting. *Toll Bridge* v. *Vreeland,* 3 Green Ch. R. 157; *Hines* v. *Baine,* 1 Smedes & Marshall Ch. R. 530; 2 Story Eq. Jur. § 783–4. The plaintiff must show affirmatively that neither defendant *nor his assigns* were ready and willing to convey, on being tendered the purchase-money. *Burt* v. *Henry,* 10 Alabama R. 874.

The tender ought to have been made to Cutting. *Ten Eick* v. *Simpson,* 1 Sandf. Ch. Rep. 244.

METCALF, J. The condition of the bond in suit is most unskilfully framed; but the court are of opinion that its legal meaning and effect are such, that, upon the facts shown in evidence, and agreed to at the trial, the plaintiff can maintain this action.

The first part of the condition is, that the defendant, his heirs and assigns, shall convey certain land. The words "heirs and assigns" are here inoperative; because a subsequent part of the condition is, that the land shall be conveyed by a deed executed and acknowledged by the defendant himself. The condition also is, that the defendant shall convey the land to the plaintiff himself, and not that he shall, on any contingency, convey it to any one else. The words are "shall convey and quitclaim to the said David B. Harrington, his heirs and assigns forever." These last words do not legally mean that the defendant shall convey the land to the plaintiff, or to his heirs or assigns, but that he shall convey to the plaintiff an estate in fee-simple; those words in a deed being necessary to convey such an estate. The condition furthermore is, that such conveyance shall be made by the defendant to the plaintiff, "provided the said" plaintiff, "his heirs and assigns, shall first pay to said" defendant, "his heirs, executors, administrators or assigns, the sum of $300." What are the meaning and effect of this proviso? The case must turn on this question.

Now as the explicit terms of the condition are, that the conveyance shall be made by the defendant himself to the plaintiff himself, and no provision is made for the contingency of either party's death, but all questions that might arise on the happening of such contingency are left to be decided solely by the rules of law; it is manifest that the words "heirs, executors and administrators," inserted in this proviso, can have no operation, and must be treated as insensible surplusage. It is equally manifest that the word "assigns" is also inoperative, unless it means something different from heirs, executors or administrators. But the plaintiff's assigns may mean his assignee of the bond, and it can have no other operative meaning. We must, therefore, hold that it means him. For

it is an established rule, in the construction of agreements, that some effect is to be given to every word, if it can be done consistently with the rules of law, and the intention of the parties. The defendant's assigns must mean his assignee of the land, or the word is inoperative. It is unnecessary, however, to decide whether it can have any operation or not.

The payment, then, by the legal construction of the condition of the bond, was to be made by the plaintiff, *or,* by the person to whom he should assign the bond, and was to be made to the defendant alone, if no operative meaning can be given to the words " his assigns," *or,* to his assignee of the land, if such is the meaning of those words. And as the case finds that Barker was the plaintiff's assignee of the bond, and that he seasonably tendered the money to the defendant, the terms of the condition respecting payment have been complied with.

We need not decide whether any tender was necessary after the defendant conveyed the land to Goffe. A deed given by the defendant, after that conveyance, would not have been a performance of the condition of the bond, unless he had first procured a conveyance of the land to himself, from Cutting. For the condition was, not merely that the defendant should execute and acknowledge a quitclaim deed of the land, but that he should " convey " it by such a deed.

It is hardly necessary to add, that although Barker is the assignee of the bond, yet an action on it can be maintained only in the name of the plaintiff.          *New trial granted.*